### Wilbur F. Storey & another v. Clinton G. Bird.

Where the maker and endorser of commercial paper are sued jointly under the statute, and one is defaulted and issue joined as to the other, it is competent for plaintiff to have damages assessed against the defaulted party, by the jury sworn to try the issue joined as to the other, and upon their verdict and assessment to proceed to a joint judgment against both.

Damages on affirmance of judgment.

*Heard May* 31*st. Decided June* 5*th.*

Error to Wayne Circuit.

Defendant in error brought suit in the court below, against William Hale, and Wilbur F. Storey, on a promissory note made by Hale, payable to the order of Story, and by . him endorsed, and which was declared upon as the only cause of action. Story appeared and pleaded to the declaration, and Hale suffered default. A rule was afterwards entered, making the default adsolute, and re-ferring it to a jury to assess the plaintiff's damages. A jury was subsequently impannelled to try the issue as to Storey, and assess the damages as to Hale, and upon their verdict and assessment, judgment was rendered for plaintiff against both. Defendants brought error, claiming that, by the default of one defendant and issue as to the other, the action was severed, and the subsequent proceedings must then be the same as if action had been brought separately against the maker and endorser; and also that in case of default in an action on a promissory note, the damages must be assessed by the clerk, and not by a jury.

*Holbrook & Bishop,* for plaintiffs in error.

*D. B. Duffield,* for defendant in error.

STOREY v. BIRD.

MANNING J.:

It was argued that by the default of Hale, the maker of the note, to plead to the declaration, and the plea put in by Storey, the endorser, the joint proceedings against them were severed. We do not so read the statute, which would be of little avail if it was in the power of defendants, after the plaintiff had elected to proceed against them jointly, by any act of theirs to sever the proceedings. It is provided by § 4170 of Compiled [Laws, that the plaintiff may in certain cases sever the proceedings. It does not, however, make it obligatory on him to do so, on the happening of the contingency in which it may be done, but leaves it optional with him to do it or not, as he may think most for his interest. The sole object of the section is to prevent unnecessary delay against a part of defendants, by reason of a defense interposed by others. The plaintiff might have proceeded against Hale alone, but it was for him to elect whether he would do so or not. He had a right to a joint judgment against both, if he could establish the several liability of each; and the order for the jury that tried the issue, on Storey's plea, to assess the damages on the interlocutory judgment against Hale, was correct. The judgment must be affirmed.

The other Justices concurred.

*Duffield* moved for the allowance of damages, under § 5612 of Compiled Laws, for the delay caused by the writ of error, which he claimed was brought on frivolous grounds.

THE COURT, not being satisfied of a want of good faith in bringing the writ, denied the motion.