PEOPLE EX REL. HENRY ELLISON v. THE CIRCUIT JUDGE
FOR MARQUETTE COUNTY.

*Judgment upon verdict and assessment together.*

A separate verdict against one of several joint parties will not
authorize a judgment against all where there has been no assess-
ment against the rest.

MANDAMUS. Enright & Spencer made a partnership
note payable to Ellison or order and Freeman wrote his
name on the back. Ellison sued Enright, Spencer and
Freeman in assumpsit on the common counts, serving a
copy of the note with his declaration. Enright and Spen-
cer were defaulted and a reference was made to the clerk
to assess damages on an interlocutory judgment against
them. Freeman pleaded the general issue and gave no-
tice that he had signed without consideration and after
delivery to the plaintiff, but a verdict was given for the
plaintiff against him and the jury assessed the plaintiff's
damages without including Enright and Spencer in the
assessment. After the jury was discharged, Ellison
moved that the verdict be amended to show an assess-
ment against all defendants, and that judgment be ren-
dered thereon. This was refused and he then moved
for judgment against Freeman alone on the ground that
the action had become severed under Comp. L., §§ 5778
and 5786. This was also refused and he now asks man-
damus to compel the court to grant one application or
the other. Submitted June 17. Denied June 18.

*Dan. H. Ball* for the relator.

THE COURT denied the mandamus, but *held* that the
relator would be entitled to judgment upon an assess-
ment against Enright and Spencer and the verdict against
Freeman, taken together, and suggested that such judg-
ment should recite that it was rendered upon such
assessment and verdict. *Storey v. Bird*, 8 Mich., 316.