PATTIE M. BEALS v. VERNON H. SMITH, ACTING CIRCUIT
JUDGE OF CLINTON COUNTY.

*Bills and notes—Joint makers—Cognovit—Several judgments in
joint action.*

1. Where one of two makers of a joint and several promissory
   note files a *cognovit* in a suit brought against both, the plaint-
   iff may proceed to judgment against such maker without
   impairing his right to prosecute the suit thereafter against the
   remaining defendant.

2. A *cognovit* filed by one of two makers of a joint and several
   promissory note, in a suit brought against both, may properly
   be treated as a default as to the defendant filing it, under
   How. Stat. § 7355, which provides that, if a default is obtained
   against part of the defendants in a suit on a promissory note,
   the plaintiff may proceed to the hearing or trial against the
   remaining defendants in the same manner as if the suit had
   been commenced against them only, and that the action shall
   thereby be severed.

*Mandamus.*   Argued April 5, 1892.   Denied April 7,
1892.

Relator applied for *mandamus* to compel respondent to
set aside certain judgments. The facts are stated in the
opinion.

*De Long & O'Hara,* for relator.

*William H. Castle,* for respondent.

MONTGOMERY, J. On the 4th day of June, 1887, the
relator brought suit in the Clinton circuit court on a
joint and several promissory note made by Vannes G.
Danforth and Asahel B. Danforth, joining the two
makers as defendants. The two defendants appeared
separately, and on the 22d day of August, 1887, the

defendant Vannes G. Danforth signed a *cognovit*. On the 10th of September, 1887, Asahel B. Danforth entered his appearance and filed a separate plea. The issue, as to him, was not brought to trial until April, 1888, but on the 30th of November, 1887, judgment was rendered against the defendant Vannes G. Danforth. When the issue as to Asahel B. Danforth came on for trial, in April, 1888, he interposed a plea *puis darrien*, setting up the former recovery against Vannes G. Danforth as a bar to further proceedings. A judgment was entered against this defendant also, which was, however, subsequently set aside, and the case came on for trial a second time in June, 1891, before the respondent without a jury· At the trial the circuit judge seems to have been of the opinion that the plaintiff was entitled to recover, but subsequently entered the judgment for defendant on the ground that the former judgment against Vannes G. Danforth constituted a bar to a recovery against Asahel B. Danforth. The plaintiff thereupon moved the court to set aside both judgments and for a new trial. This motion having been denied, a *mandamus* is sought to compel respondent to enter the order.

The plaintiff was certainly not entitled as a matter of right, at this late day, to have this judgment, voluntarily entered against Vannes G. Danforth, set aside; and the *mandamus* cannot be granted. It is plain that the petitioner has mistaken her remedy. Had she sought to review the decision of the circuit judge on the issue as to Asahel B. Danforth, the result might have been different, and without doubt the circuit judge may yet grant a proper application to set aside the judgment as to Asahel B. Danforth, and grant a new trial.

We think it proper to state that, in our judgment, both the court and counsel have mistaken the practice, which is settled by How. Stat. § 7355. This section

follows sections which provide for the bringing of a joint action against the several makers, guarantors of payment, ndorsers, or acceptors of a bill or note, and which provide that in such actions judgment may be rendered for the plaintiff against one or more of the defendants, and in favor of one or more of the defendants against the plaintiff, according as the rights and liabilities of the respective parties shall appear, and is as follows:

"It shall not be necessary for the plaintiff to include in the same record a judgment against all the parties to such bill or note, but judgment may be entered against any of the parties thereto, whenever the plaintiff would be entitled to the same if the suit had been commenced against such parties only; and if the trial or hearing of such cause be put off by any of the parties to such bill or note, or if a default shall have been obtained against part of the defendants, the plaintiff may proceed to the hearing or trial against the other parties in the same manner as if the suit had been commenced against the other parties only, and the action shall thereby be severed."

The note in question was joint and several, and entitled the plaintiff to proceed against either of the makers in a several action, or join the two; and under this section she had the right to take judgment against one before the other.

This section was construed by the Court in *Storey v. Bird*, 8 Mich. 316, and in *Maynard v. Penniman*, 10 Id. 153. In *Storey v. Bird* it was held that the statute did not make it obligatory on the plaintiff to proceed to judgment against one defendant before the case could be brought to trial as to the other, but that the statute leaves it optional to plaintiff to do it or not, as he may think most for his interest. The Court say:

"The sole object of the section is to prevent unnecessary delay against a part of defendants by reason of a defense interposed by others. The plaintiff might have

proceeded against Hale alone, but it was for him to elect whether he would do so or not."

In *Maynard v. Penniman* it was said:

"While the plaintiff may, under this statute, have a joint judgment, or may have several judgments, at his option, against the parties to the bill or note, in the event that all the defendants shall have pleaded issuably to the declaration, and in case part have pleaded and part made default, yet in the latter case, and in case a part of the defendants put off the trial as to themselves, the plaintiff may proceed to judgment as to the others, and thereby sever the action, if he so elect. This is optional with himself."

We think the *cognovit* should properly be treated as a default, within the meaning of this section, and that the plaintiff had the right to take a judgment against the defendant Vannes G. Danforth without impairing her right to proceed against the other defendant.

The writ of *mandamus* is denied.

MORSE, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., took no part in the decision.